United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 5, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————

No. 03-41666
Summary Calendar

—————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DESHAWN ANDREWS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-01-CR21-ALL
--------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Deshawn Andrews was convicted by a jury of possession with the intent to distribute 50 grams or more of a mixture containing a detectable amount of cocaine base, and he was sentenced to life in prison. Andrews first argues that the district court erred in denying his motion to suppress with regard to the crack cocaine found on his person following his arrest for criminal

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trespassing. He contends that the police officers did not have reasonable suspicion sufficient to justify his stop and detention.

We have reviewed the record and the briefs on appeal and conclude that the district court did not err in denying the motion to suppress. When the officers first spotted Andrews, he was in a parking lot adjacent to a rooming house. It was early in the morning, the area was known for drug-trafficking, and Andrews had the reputation of being a drug dealer. Just prior to spotting Andrews in the parking lot, the officers observed a pick-up truck leaving the lot at a fast rate of speed. After Andrews spotted the police car, he quickly walked to the door of the rooming house and began knocking on the door. No one answered, and Andrews admitted that he did not live at the rooming house. Andrews was nervous during questioning and was acting unusual. Given the totality of the circumstances, the officers had reasonable suspicion to stop and detain Andrews for criminal trespassing. Goodson v. City of Corpus Christi, 202 F.3d 730, 736, 739 (5th Cir. 2000).

We reject Andrews's argument that the officer's testimony at the suppression hearing that he did not know the identity of the driver of the pick-up truck violated Napue v. Illinois, 360 U.S. 264 (1959) because it conflicted with his testimony at the trial that the driver was Diane Battle. The record reflects, however, that at the time that the officer spotted the truck, he was unaware of the identity of the driver and only after Andrews was

arrested did he realize that the driver was Battle. Thus, there was no <u>Napue</u> violation.

We also reject Andrews's argument that the notice of enhancement was defective as it did not specifically state that the Government intended to seek a life sentence. The notice of enhancement was filed prior to trial, enumerated Andrews's prior convictions, and cited to 21 U.S.C. § 851. Thus, the notice was sufficient. Given the foregoing, the judgment of the district court is affirmed.

AFFIRMED.